IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CLEAR WITH COMPUTERS, LLC<br><br>    v.<br><br>(1)    APPLE, INC.<br>(2)    HEWLETT-PACKARD COMPANY<br>        AND<br>(3)    HEWLETT-PACKARD<br>        DEVELOPMENT COMPANY, L.P. | Civil Action No. _____<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Clear with Computers, LLC makes the following allegations against Apple, Inc., Hewlett-Packard Company and Hewlett-Packard Development Company, L.P. (collectively the "Defendants").

### PARTIES

1. Plaintiff Clear With Computers, LLC ("CWC") is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670. CWC was formerly known as Orion IP, LLC.

2. On information and belief, Defendant Apple, Inc. ("Apple") is a California corporation with its principal place of business at 1 Infinite Loop Cupertino, CA. Apple has appointed C T Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201 as its agent for service of process.

3. On information and belief, Defendant Hewlett-Packard Company ("HP") is a Delaware corporation with its principal place of business at 3000 Hanover Street Palo Alto, CA. HP has appointed C T Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201 as its agent for service of process.

4. On information and belief, Defendant Hewlett-Packard Development Company, L. P. ("HPDC") is a Texas Limited Partnership with its principal place of business at 20555 State Highway 249, Houston, Texas 77070. HPDC has appointed C T Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201 as its agent for service of process.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

7. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,615,342

8. CWC is the owner by assignment of United States Patent No. 5,615,342 ("the '342 Patent") entitled "Electronic Proposal Preparation System," which issued on March 25, 1997. A true and correct copy of the '342 Patent is attached as Exhibit A.

9. The '342 Patent was the subject of previous claim construction rulings issued by the United States District Court for the Eastern District of Texas. A copy of those rulings are attached as <u>Exhibits B and C</u>.

10. Upon information and belief, Defendant Apple has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.apple.com and http://store.apple.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant Apple is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

11. Upon information and belief, Defendant HP has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.hp.com and www.shopping.hp.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant HP is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

12. Upon information and belief, Defendant HPDC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not

limited to, www.hp.com and www.shopping.hp.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of CWC. Defendant HPDC is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

13. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '342 Patent complied any with such requirements.

14. To the extent that facts learned in discovery show that Defendants' infringement of the '342 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

15. As a result of these Defendants' infringement of the '342 Patent, CWC has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

16. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '342 Patent, CWC will be greatly and irreparably harmed.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 5,367,627

17. CWC is the owner by assignment of United States Patent No. 5,367,627 ("the '627 Patent") entitled "Computer-Assisted Parts Sales Method." The '627 Patent issued on November 22, 1994. A true and correct copy of the '627 Patent is attached as Exhibit D.

18. The '627 Patent was the subject of previous claim construction rulings issued by the United States District Court for the Eastern District of Texas. A copy of those rulings are attached as Exhibits B and C.

19. Upon information and belief, Defendant Apple has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.apple.com and http://store.apple.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant Apple is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

20. Upon information and belief, Defendant HP has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.hp.com and www.shopping.hp.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of CWC. Defendant HP is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

21. Upon information and belief, Defendant HPDC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.hp.com and www.shopping.hp.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems

covered by one or more claims of the '627 Patent to the injury of CWC. Defendant HPDC is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

22. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '627 Patent complied with any such requirements.

23. To the extent that facts learned in discovery show that Defendants' infringement of the '627 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

24. As a result of these Defendants' infringement of the '627 Patent, CWC has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

25. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting in active concert therewithfrom infringing the '627 Patent, CWC will be greatly and irreparably harmed.

PRAYER FOR RELIEF

WHEREFORE, CWC respectfully requests that this Court enter:

1. A judgment in favor of CWC that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '342 Patent, and that such infringement was willful;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '627 Patent;

3. A judgment and order requiring Defendants to pay CWC its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '342 Patent as provided under 35 U.S.C. § 284;

4. A judgment in favor of CWC that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '627 Patent, and that such infringement was willful;

5. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '342 Patent;

6. A judgment and order requiring Defendants to pay CWC its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '627 Patent as provided under 35 U.S.C. § 284;

7. An award to CWC for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

8. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to CWC its reasonable attorneys' fees; and

9. Any and all other relief to which CWC may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

June 17, 2008                          Respectfully submitted,

CLEAR WITH COMPUTERS, LLC

By: /s/ Andrew W. Spangler
Andrew W. Spangler - LEAD COUNSEL
Texas State Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Tel: (903) 753-9300
Fax: (903) 553-0403
spangler@spanglerlawpc.com

David M. Pridham
R.I. Bar No. 6625
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
Tel: (401) 633-7247
Fax: (401) 633-7247
david@pridhamiplaw.com

John J. Edmonds
Texas Bar No. 00789758
The Edmonds Law Firm
709 Sabine Street
Houston, Texas 77007
Tel: (713) 858-3320
Fax: (832) 415-2535
johnedmonds@edmondslegal.com

COUNSEL FOR PLAINTIFF
CLEAR WITH COMPUTERS, LLC